# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD HARDY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. TILTON, DIRECTOR, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:10-cv-00400-SKO PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 1) |

　　　Plaintiff Clifford Hardy, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 8, 2010. Plaintiff brings this suit against California Department of Corrections and Rehabilitation Director James Tilton and California Substance Abuse Treatment Facility Warden Ken Clark for acting with deliberate indifference to his safety, in violation of the Eighth Amendment of the United States Constitution. In his complaint, Plaintiff alleges that while there is a grievance procedure available, he did not file one because this is not a grievance issue. (Doc. 1, § II.)

　　　Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

Plaintiff alleges that Defendants Tilton and Clark are liable for deliberate indifference to his safety because their employees housed him on a sensitive needs yard, which has tainted Plaintiff in the eyes of his fellow gang members and others.  Plaintiff's claim is based on prison conditions and despite Plaintiff's assertion to the contrary, he was required to file an inmate appeal grieving the facts at issue prior to filing this suit.[1]  Jones, 549 U.S. at 211; Porter, 435 U.S. at 524.  Because it is clear from the face of Plaintiff's complaint that he filed suit prior to exhausting, this action is HEREBY DISMISSED, without prejudice, for failure to comply with 42 U.S.C. § 1997e(a).[2]  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal. . . .").

IT IS SO ORDERED.

**Dated:   May 5, 2011**                        /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court takes judicial notice that the California Department of Corrections and Rehabilitation provides a grievance process.  Cal. Code Regs., tit. 15 § 3084.1.

[2] Plaintiff's allegations are also insufficient to support the claim that Defendants Tilton and Clark knowingly disregarded a substantial risk of harm to his safety, Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009), but in light of his failure to exhaust, leave to amend to cure those deficiencies would be futile, Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

2